JOHN O. WHEELER, RESPONDENT, *v.* JOSEPH R. SWAN, APPELLANT, IMPLEADED WITH OTTO E. C. GOELICH.

*Consideration — remedy of a party advancing money, in reliance for its repayment upon the amount to be paid, by a third party, for a mortgage to be given by the borrower.*

In September, 1885, the defendant Goelich executed his bond and mortgage to secure the payment of $2,300 to one Benjamin Coons, who paid no consideration therefor, but, on September 2, 1885, assigned the bond and mortgage to the plaintiff in this action, upon an agreement that the plaintiff was to loan the mortgagor, Goelich, the amount in said bond and mortgage mentioned.

In this action, brought to foreclose the mortgage (to which the defendant Joseph R. Swan was made a party, as the holder of a lien upon the mortgaged premises, which was subsequent to such mortgage), the mortgagor defended upon the ground that the plaintiff had refused to loan or advance the money named in said mortgage.

At the time of making the mortgage Goelich induced Swan to indorse his promissory note for $1,700, upon the assurance that the above named plaintiff was to loan Goelich the amount secured by the aforesaid bond and mortgage, and that with it he would pay the note. The note was subsequently discounted by the First National Bank of Utica, dishonored and duly protested. Swan was ignorant of the alleged defense of want of consideration, existing in the maker of the bond and mortgage, until his time to answer had expired, and, after such default, moved the court that the First National Bank of Utica, the holder of such note, be made a party defendant to the action, and that his, Swan's, default be opened and that his proposed answer be received ; in this answer he asked that the plaintiff be adjudged to pay to the First National Bank of Utica, to be applied to the payment of the aforesaid note, the amount due thereon.

*Held*, assuming that the consideration of the bond and mortgage had never been paid, and that the mortgagor might have recovered the amount thereof from the plaintiff by an action to compel such payment, that, still, Swan was not in such a position of privity of contract with the plaintiff as gave him any right to intervene in this action for the purpose of compelling the plaintiff to pay the consideration of the bond and mortgage for the benefit of Swan or the bank.

APPEAL from an order of the Special Term of Oneida county, denying a motion made by the defendant Joseph R. Swan, first, that the First National Bank of Utica to be made a party defendant in this action; and second, that the default of said Swan be opened and his proposed answer be received as his answer in this action.

The answer of Swan, after setting forth various facts which are mentioned in the following opinion of Judge FOLLETT, asked judgment against the plaintiff and against the defendant Otto E. C. Goelich, first, that the First National Bank of Utica be made a party defendant in this action; second, that it be ordered, adjudged and decreed that the plaintiff, J. O. Wheeler, pay to the First National Bank of Utica, to be applied to the payment of a note for $1,700, dated September 2, 1885, payable ten days after date, at the First National Bank of Utica and indorsed by the defendant Joseph R. Swan, so much of the amount secured to be paid, by a certain bond and mortgage set forth in the complaint in this action brought to foreclose the same as would be necessary to pay the said note.

*A. T. Goodwin,* for the appellant.

*C. D. Thomas,* for the respondent.

FOLLETT, J.:

Appeal from an order denying the appellant's motion to have first, The First National Bank of Utica made a party defendant; and, second, the default of the appellant opened and his proposed answer received as his answer in the action.

September 1, 1885, Otto E. C. Guelich executed his bond to Benjamin Coon to secure the payment of $2,300, two years after date, with annual interest; and as collateral thereto, said Guelich and Elizabeth D., his wife, executed a mortgage upon real estate then owned by said Otto E. C. Guelich. Said mortgagee advanced no part of the consideration, but September 2, 1885, he assigned the bond and mortgage to this plaintiff upon the agreement between the plaintiff, the mortgagor and mortgagee, that the plaintiff was to loan the mortgagor the sum which the bond and mortgage were executed to secure. The mortgage and assignment were duly recorded September 2, 1885.

This action was brought to foreclose the mortgage, and Joseph R. Swan was made a party defendant because he held a lien upon the mortgaged premises which is subject to the alleged lien of the plaintiff's mortgage. The mortgagor defends upon the grounds that the plaintiff refused to loan or advance any part of the consideration named in the bond and mortgage; and that both instruments are void for want of consideration.

At the time of making the mortgage, Guelich procured Swan to indorse his promissory note for $1,700, payable ten days after date at the First National Bank of Utica, upon the assurance that Wheeler was to loan him the amount secured by the bond and mortgage, with which he would pay the note. The note was discounted by the bank, was dishonored, and Swan was duly charged as an indorser; it still remains unpaid and is held by the bank. Swan was ignorant of the alleged defense of want of consideration, until after his time to answer had expired.

Whether the mortgage is valid, or invalid, depends upon the transactions which occurred between the mortgagor on the one part and the mortgagee and his assignee (this plaintiff) on the other part. If valid

the plaintiff is entitled to recover the amount secured; but if it is invalid, the mortgagor is entitled to have the instruments surrendered and the mortgage canceled of record. Swan was not a party to these transactions, and he does not claim that the mortgagee or the plaintiff knew of his indorsement or the terms upon which he gave it. Assuming that the consideration of the mortgage had never been advanced, and that the mortgagor might have recovered the amount of the plaintiff in an action, or, compelled the plaintiff to have specifically performed his agreement, still this does not aid Swan, who is not the assignee of the mortgagor, and there being no privity by contract between the plaintiff and Swan, and the plaintiff not having perpetrated a fraud upon Swan, he has established no right to intervene in this action for the purpose of compelling the plaintiff to pay (if not already paid), the consideration of the bond and mortgage for the benefit of Swan or the bank. These views lead to an affirmance of the order.

The order is affirmed, with ten dollars costs and printing disbursements.

MARTIN, J., concurred; HARDIN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.